UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
STEPHEN LYNCH and MARGARET LYNCH,             :
                                              :
                              Plaintiffs,     :
                                              :              05 Civ. 2274 (GEL)
              -against-                       :
                                              :              **OPINION AND ORDER**
ROBERT WALDRON,                               :
                                              :
                              Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GERARD E. LYNCH, <u>District Judge</u>:

      Plaintiffs brought this action for negligence and battery in the Supreme Court of the State

of New York, County of Ulster.  On February 18, 2005, defendant filed a notice of removal,

removing the case to this Court.  On March 18, 2005, plaintiffs timely moved for remand.

Defendant has not responded to the motion, which will be granted.

      First, a notice of removal must be filed within thirty days after defendant's receipt of the

initial pleading or service of process.  28 U.S.C. § 1446(b).  Although defendant's notice of

removal recites that it was "filed within 30 days of receipt by defendant of a copy of the initial

pleading" (Affidavit of Steven Lim, Esq., dated March 18, 2005 ("Lim Aff."), Ex. L, ¶ 8), and

further states that defendant "acknowledged receipt of the summons and complaint on January

27, 2005" (<u>id</u>. ¶ 9), these are merely unsworn allegations in a pleading filed by counsel, and are

not backed by any sworn statement by defendant.  (Indeed, the only factual averment supporting

the conclusory allegation of compliance with the statutory time limit purports to state when

defendant "acknowledged receipt" of the summons, not when it was actually received by him.)

Plaintiffs, in contrast, submit an affidavit and documentary evidence, to which defendant has not

deigned to reply, demonstrating that defendant was served by hand delivery to his wife at his

residence on December 13, 2004, and by mailing to his residence on December 23, 2004. (Lim

Aff. ¶ 7 & Ex. E.) Proof of service was filed with the Ulster County clerk on December 23, 2004

(id. ¶ 9), and thus, under New York law, service was effective on January 6, 2005. N.Y.

C.P.L.R. § 308(2). Absent any other evidence, the Court infers that defendant had actual notice

of the lawsuit no later than that date. Thus, the notice of removal was untimely and of no effect.

See Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991) ("[A]bsent a finding

of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing

requirement."); Evans v. Sroka, No. 01 Civ. 5806 (MHD), 2001 WL 1160586, at *3 (S.D.N.Y.

Oct. 2, 2001) ("This time limit, although not jurisdictional, is strictly construed and mandatorily

enforced.")

Second, defendant's notice of removal is also defective in that there is no basis for

removal to this Court. A notice of removal is to be filed "in the district court of the United States

for the district and division within which such action is pending." 28 U.S.C. § 1446(a).[1] Ulster

County, in which this action was pending in the Supreme Court, is within the Northern District of

New York. 28 U.S.C. § 112(a); cf. 28 U.S.C. § 112(b) (setting forth boundaries of Southern

District). If the removal were otherwise proper, this defect would be more efficiently remedied

by transferring the case to the proper district, see Ullah v. FDIC, 852 F. Supp. 218, 221

(S.D.N.Y. 1994). In light of the untimeliness of the removal, however, efficiency is better served

---

[1] The only case of which this Court is aware that has permitted removal to a district other
than that designated by § 1446(a), Roberti v. Longworth, 164 F. Supp.2d 395, 396–97 (S.D.N.Y.
2001), has been described by a leading treatise as "patently incorrect." 14C Wright, Miller &
Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3726, at 122 & n.5.1 (2004 Pocket
Part).

by remanding the case immediately, rather than transferring the case to the Northern District for the removal motion to be considered there, which would occasion further unnecessary delay, expense, and expenditure of judicial resources.

Finally, respondent has failed to file any opposition to plaintiffs' motion, thus conceding the accuracy of the plaintiffs' assertions of fact and apparently abandoning any claim that the case was properly removed.

In addition to seeking remand, plaintiffs also seek an award of attorney fees. (P. Mem. 7–9.) When a case is remanded, the party seeking remand may be entitled to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorney fees under § 1447(c) does not require a finding that the removal was made in bad faith. See Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923–24 (2d Cir. 1992). Rather, courts may award costs and fees in their discretion in light of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." Id. at 924 (quoting lower court's language approvingly in describing the boundaries of this discretion). Here, as in Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999), an award of attorney fees is appropriate in that the plaintiffs "opted to litigate their relatively simple claims in [s]tate court, [but] the removal greatly complicated the case; it would be unfair to require either the [plaintiffs] or their counsel to absorb the cost of litigating the remand motion, which in no way advanced their case."

Moreover, without finding the defendant guilty of bad faith, the Court notes the following factors as further supporting an award of costs and fees. First, the untimeliness of the filing, and the removal to an incorrect district, suggest that defendant and his counsel acted with less than

due care in filing the notice of removal.  Second, by filing the notice not merely in the wrong district, but in the Manhattan rather than White Plains courthouse, the defendant maximized the trouble and expense imposed on plaintiffs and their Newburgh-based lawyers.  Defendant may have believed in good faith that the underlying incident occurred in this District, and, thus, that there was some basis for filing the case in the Southern District.  But under this Court's Local Rules, the appropriate location for filing—in light of the place of the alleged tort and the residence of the parties—would be White Plains, which is considerably closer to the parties, plaintiffs' attorneys, and the situs of the events in question.  Third, the defendant has already pled guilty to assaulting one of the plaintiffs in a criminal case (Lim Aff. Ex. C), suggesting plaintiffs' case has some merit and thus indicating a possible motive on the part of defendant to seek tactical delay.  Finally, after plaintiffs moved to remand, defendant neither attempted to defend his removal of the case (suggesting the removal could not be defended on non-frivolous grounds) nor conceded defeat (thus occasioning the expenditure of judicial resources evaluating the motion).

For these reasons, an award of fees is appropriate.  Plaintiffs are directed to provide the Court with a suitable affidavit detailing the amount of fees and costs incurred no later than May 26, 2005.

## CONCLUSION

Plaintiffs' motion is granted, and the case is remanded to the Supreme Court of the State of New York, County of Ulster.  Plaintiffs' motion for costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is also granted.

SO ORDERED.

Dated: New York, New York
      May 12, 2005

GERARD E. LYNCH
United States District Judge